MICHAEL K. GRACE (SBN 126737)
mgrace@gracelaw.com
PAMELA D. DEITCHLE (SBN 222649)
pdeitchle@gracelaw.com
GRACE+GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, California 90071
Telephone: (213) 452-1220
Facsimile:  (213) 452-1222

Attorneys Specially Appearing for
Defendants XenForo Limited
and Kier Darby

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| vBULLETIN SOLUTIONS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>XENFORO LIMITED, an English private limited company; and KIER DARBY, a British citizen; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: CV 10-8209-R (JEMx)<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FORUM NON CONVENIENS**<br><br>Date:　　　February 7, 2011<br>Time:　　　10:00 a.m.<br>Courtroom:　8 |

i

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's Opposition fails to demonstrate that dismissal on *forum non conveniens* grounds is appropriate when an English court provides an adequate and more convenient alternative forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-509 (1947). Especially after the Plaintiff has filed and is currently maintaining an action in an English court, alleging the same wrongs against the same defendants and seeking an early 2012 trial date, there can be no dispute that the English court provides an adequate and more convenient alternative forum.

## I. THIS COMPLAINT SHOULD BE DISMISSED.

### A. Plaintiff's Earlier Filed, Identical English Action Belies Its Contention that English Courts Are Inadequate.

Plaintiff insists that English courts are inadequate to adjudicate its dispute with XenForo, an English company, and Kier Darby, an English citizen. Conveniently omitted from the Opposition, however, is Plaintiff's acknowledgement that *it filed there first* and is currently maintaining an identical action against XenForo and Darby in the English courts. (Supplemental Declaration of Kier Darby ("Supp. Darby Decl."), Exh. F). *Plaintiff has requested an early 2012 trial date.* (*Id.* at ¶ 10). By commencing the English action first, Plaintiff implicitly acknowledges that the English courts are the *preferable* forum for resolving a dispute concerning alleged acts of wrongdoing by English citizens that occurred in England.

At no point has Plaintiff alleged or suggested that the English High Court of Justice is in any way inadequate to grant whatever relief may be appropriate to resolve the parties' disputes. To the contrary, Plaintiff's half-hearted contention that English court may not offer parallel remedies for its state law claims is contradicted by the claims asserted in the English lawsuit, which ironically contains unfair competition claims based on post-termination covenants not to

1

**REPLY IN SUPPORT MOTION TO DISMISS COMPLAINT FOR FORUM NON CONVENIENS**

compete that are *per se* unenforceable in California. It also misses the point that an alternative forum need not be identical but only needs to provide "some remedy" for the alleged wrong and that only in "rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all." *Lueck v. Sunstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001) (quoting *Piper*, 454 U.S. at 254) (internal citations omitted).

There can be no genuine dispute that the English court is fully capable of determining issues identical to those raised in the California action.

B. The Balance of Factors Weighs In Favor of Dismissal.

    1. *The Private Factors Weigh In Favor of Dismissal.*

It is well-settled that a court's focus should not rest on the number of witnesses or quantity of evidence in each locale, but, rather that the court should evaluate "the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine[ ] their accessibility and convenience to the forum." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984).

It is undisputed that this forum is inconvenient for XenForo's witnesses and for Darby, who would incur substantial expense in connection with bringing witnesses and evidence to trial in England and then again in California. Likewise, it is undisputed that Plaintiff would not be inconvenienced if this action were dismissed in favor of Plaintiff's earlier-filed, pending English action, because Plaintiff must bring its witnesses and evidence to England for trial in 2012 in any case.

Further, because the district court cannot compel production of much of the English evidence, whereas the parties control, and therefore can bring, all the United States evidence to England, the private interest factors weigh in favor of dismissal. *Lueck*, 236 F.3d at 1147. Requiring the parties to simultaneously litigate identical actions in English and American courts serves only to compound the parties' expense and unnecessary consumption of judicial resources.

2

REPLY IN SUPPORT MOTION TO DISMISS COMPLAINT FOR FORUM NON CONVENIENS

*2. The Public Factors Weigh In Favor of Dismissal.*

The public factors also weigh in favor of dismissal. Plaintiff already has an earlier-filed, identical action pending in the English courts. Maintaining an identical action here does little to serve the interests of the community and, instead, congests the U.S. court system with a duplicative proceeding.

Further, the alleged wrongful acts described in the Complaint have no nexus to California. Plaintiff alleges that, more than two years ago, Darby spent a cumulative total of a handful of days in California in connection with his employment with Plaintiff and that, nine months later, Darby resigned. (Opposition at 4, 6 & 20).

Plaintiff's deceptive pleading is simply false: Darby was never employed by Plaintiff or any entity based in the United States. He travelled to California in connection with his employment with Jelsoft Enterprises Limited ("Jelsoft"), a British corporation.[1] (Declaration of Kier Darby ("Darby Decl.) at ¶¶ 2-4). In fact, Plaintiff vBulletin Services, Inc. wasn't even formed until several months *after* Darby resigned from Jelsoft in June 2009. (Declaration of David N. Tarlow [Doc. No. 22-1], Exh. A). Nearly two years *after* his short visit to California in connection with his work for Jelsoft, Darby launched XenForo in England.

There simply are no allegations that the Plaintiff's purported proprietary information was obtained unlawfully by Darby in California or that XenForo or Darby unlawfully used or disclosed any of Plaintiff's proprietary information in California. *See* Cal. Civil Code § 3426.1 (California trade secret statute).

In contrast, the interest in England regarding this suit is high. It involves an English company, English citizens, and alleged wrongful acts that were allegedly committed in England. Plaintiff's contention that California has an interest in this

---

[1] Internet Brands, Inc. ("Internet Brands"), a California corporation, is the parent company of Plaintiff vBulletin Solutions, Inc. (Declaration of B. Lynn Walsh [Doc. No. 24-2] at ¶ 1). Internet Brands also is the parent company of IB Services Limited, a UK company that acquired Jelsoft in 2007. (Supp. Darby Decl." at ¶ 2). According to the Complaint, all of Jelsoft's assets were transferred from IB Services Limited to Plaintiff in April 2010. (Complaint at ¶ 8).

3

**REPLY IN SUPPORT MOTION TO DISMISS COMPLAINT FOR FORUM NON CONVENIENS**

1  litigation because the WHOIS registry for "xenforo.com" does not reflect
2  XenForo's English contact information is simply disingenuous.  *See Kruska v.*
3  *Perverted Justice Foundation Inc.*, 2009 WL 249432, *3-*4 (D. Ariz., Feb. 2,
4  2009) (citing *Amberson Holdings LLC v. Westside Story Newspapers*, 110
5  F.Supp.2d 332 (D.N.J.2000)).  Like Plaintiff, XenForo subscribes to a service that
6  shields XenForo's contact information from spammers and identity thieves who
7  harvest data from WHOIS registries.  (Supp. Darby Decl.") at ¶¶ 3-8  & Exhs. A-
8  D).  Plaintiff knows that XenForo has no California address and is misleading the
9  court by representing that the WHOIS contact information is XenForo's.
10         C.     Plaintiff's First Amended Complaint Should Be Stricken.
11         Finally, on December 28, 2010, Plaintiff unilaterally filed a First Amended
12  Complaint without first obtaining leave of court.  Plaintiff's ability to amend as a
13  matter of right was terminated when XenForo and Darby filed the pending motions
14  to dismiss pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil
15  Procedure and to dismiss on the grounds of *forum non conveniens*.  Fed. R. Civ. P.
16  15(a)(2).  Accordingly, the First Amended Complaint should be stricken and none
17  of the allegations contained therein considered in connection with the pending
18  motions to dismiss.
19  **II.   CONCLUSION.**
20         This action is a prime example of a lawsuit that should be dismissed on
21  grounds of *forum non conveniens*.  It is a duplicate action against English
22  defendants that Plaintiff filed *after* it sought identical relief in English courts,
23  which is pending and has already cost a significant sum to defend.  Plaintiff has
24  requested an early 2012 trial date.  Permitting identical actions to proceed
25  simultaneously in two forums would unduly burden the litigants, the witnesses, and
26  this Court.
27  / / /
28  / / /

Dismissal, therefore, is appropriate.

DATED: January 4, 2011    GRACE+GRACE LLP

/s/ Michael K. Grace
Michael K. Grace
Attorneys Specially Appearing for
Defendants XenForo Limited and Kier Darby

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071