MICHAEL K. GRACE (SBN 126737)
mgrace@gracelaw.com
PAMELA D. DEITCHLE (SBN 222649)
pdeitchle@gracelaw.com
GRACE+GRACE LLP
444 South Flower Street, Suite 1650
Los Angeles, California 90071
Telephone: (213) 452-1220
Facsimile: (213) 452-1222

Attorneys for Defendants XenForo Limited
and Kier Darby

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| vBULLETIN SOLUTIONS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> XENFORO LIMITED, an English private limited company; and KIER DARBY, a British citizen; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: CV 10-8209-R (JEMx) <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE SEVENTH AND EIGHTH CLAIMS OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]** <br><br> Date: April 4, 2011 <br> Time: 10:00 a.m. <br> Courtroom: 8 |

REPLY RE: MOTION TO DISMISS THE SEVENTH AND EIGHTH CLAIMS OF THE
FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION.

Plaintiff's Opposition mischaracterizes its own allegations as it confuses "unauthorized access" with alleged "unauthorized use" of Plaintiff's alleged trade secret information.  That distinction is addressed below.  Given the hysterical tone of Plaintiff's opposition, however, Defendants first must respond to the allegations of criminal conduct in Plaintiff's Opposition.  The evidence will show that upon Kier Darby's resignation, (1) he never received any demand for the return of Plaintiff's proprietary or confidential records; (2) he never refused any such demand and retained no proprietary or confidential records or files after his departure from Plaintiff; and (3) neither he nor XenForo have ever used or disclosed any of Plaintiff's proprietary information or software.  This case is about a vindictive former employer who is exacting a heavy cost against a former employee by litigating substantially identical actions here and in the U.K. to prevent a tiny competitor with a "better mousetrap" from succeeding in the marketplace.  Plaintiff's thunderous allegations are devoid of substance, which Defendants look forward to demonstrating to the Court, here and in England if necessary.

## II.  ARGUMENT.

### A.  The Opposition Concedes That No Claim Has Been Stated Against XenForo.

In its First Amended Complaint ("FAC"), Plaintiff alleges that XenForo violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, and the parallel state law statute, California Penal Code § 502.   These claims were premised entirely on allegations that in September 2008 Darby allegedly misappropriated confidential and/or trade secret information stored on Plaintiff's computer networks while employed by Jelsoft.  Plaintiff first asserted this misguided claim in January 2011, over two years later.

1   Plaintiff has never alleged that XenForo, a British limited company formed
2   almost a year after Darby left Jelsoft, ever accessed Plaintiff's computer networks
3   at any time.  The complete lack of factual allegations to support a "hacking" claim
4   against XenForo is evidenced by the fact that Opposition disregards the alleged
5   claim against XenForo.  Plaintiff has implicitly conceded that dismissal of the
6   Seventh and Eighth Claims of the First Amended Complaint is appropriate as to
7   XenForo.

8   B.   The FAC Fails To State A Claim That Darby Hacked Into Plaintiff's
9        Computer Network.

10   Dismissal of the Seventh and Eighth Claims as to Darby also is appropriate
11   for failure to state a claim.  The Opposition demonstrates Plaintiff's lack of
12   understanding of the requirements to establish civil liability for violations of the
13   CFAA and California Penal Code § 502, both criminal statutes.

14   1.   *Plaintiff's CFAA Claim Fails As a Matter of Law.*

15   Plaintiff devotes its attention to distinguishing the facts of this case from
16   *LVRC Holdings v. Brekka*, 581 F.3d 1127 (9th Cir. 2009).  Plaintiff, however,
17   misses the key point of *Brekka*, which is that the CFAA, on its face, prohibits only
18   *unauthorized access* to computer networks, not use (or misuse) of information
19   gained from such access.  *Brekka*, 581 F.3d at 1130 (the CFAA was enacted to
20   permit the prosecution of  "hackers who accessed computers to steal information or
21   to disrupt or destroy computer functionality.")  Indeed, the focus on *access*
22   recognizes that a broad range of remedies exist to address unlawful *use* of
23   restricted information, *i.e.*, misappropriation of trade secrets and other claims.

24   The emphasis on unlawful access is highlighted by the threshold element of
25   a successful claim for a violation of the CFAA:  access to a computer without
26   authorization or by exceeding authorization.  18 U.S.C. § 1030(a)(2) & (4).  The
27   Ninth Circuit has defined "without authorization" as having "no rights, limited or
28   otherwise, to access the computer in question." *Brekka*, 581 F.3d at 1133.  "In

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

2

REPLY RE: MOTION TO DISMISS THE SEVENTH AND EIGHTH CLAIMS OF THE
FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

1   other words, for purposes of the CFAA, when an employer authorizes an employee

2   to use a company computer subject to certain limitations, the employee remains

3   authorized to use the computer <u>even if the employee violates those limitations</u>."

4   *Id.* (emphasis added).  A person "exceeds authorized access" when he or she "has

5   permission to access the computer, but accesses information on the computer that a

6   person is not entitled to access." *Id.*   Under the CFAA, an employer makes the

7   decision to allow or terminate access; an employee's use (or misuse) of that access

8   does not change the fact that such access was "authorized" under the CFAA.  *Id.*

9        Plaintiff's fixation on what Darby allegedly did with information gained

10  while working at Jelsoft and after having been granted "unfettered access" to

11  Jelsoft's computers is misplaced and contrary to the plain language of the CFAA

12  and the Ninth Circuit's interpretation of the CFAA.  *Brekka* unequivocally rejected

13  an employer's assertion that its employee, who was given unrestricted access to the

14  employer's computers, loses such authorization automatically when allegedly

15  "resolving to act contrary to the employers interest."[1]  *Brekka*, 581 F.3d at 1133-

16  1134 (rejecting *Int'l Airport Centers, LLC v. Citrin*, 440 F.3d 418 (7th Cir. 2006)).

17  In so doing, the Ninth Circuit expressly held:

18       "[n]othing in the CFAA suggests that a defendant's liability for

19       accessing a computer without authorization turns on whether the

20       defendant breached a state law duty of loyalty to an employer.  If the

21       employer has not rescinded the defendant's right to use the computer,

22       the defendant would have no reason to know that making personal use

23       of a company computer in violation of a state law fiduciary duty to an

24       employer would constitute a criminal violation of the CFAA. It would

25

26

27  _____

1 Plaintiff has not alleged that Defendants deleted any computer data or disrupted any computer

28  network.

REPLY RE: MOTION TO DISMISS THE SEVENTH AND EIGHTH CLAIMS OF THE
FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1    improper to interpret a criminal statute in such an unexpected

2    manner."

3    *Id.* at 1135.

4         Likewise, the Ninth Circuit expressly rejected the argument that an

5    employee "exceeds authorized access" under the CFAA when using lawfully

6    accessed information in an impermissible way, *i.e.*, emailing documents to himself

7    or others.  The Ninth Circuit found that once an employee is entitled to obtain the

8    information at issue, "nothing in the CFAA suggests that a defendant's

9    authorization to obtain information stored in a company computer is 'exceeded' if

10   the defendant breaches a state law duty of loyalty to an employer[.]"  *Brekka*, 581

11   F.3d at 1135 n. 7.

12        Plaintiff has alleged that Plaintiff granted Darby full access to Plaintiff's

13   computer network as part of his employment with Jelsoft.  (FAC at ¶ 16).  Plaintiff

14   did not allege -- and does not argue -- that Darby accessed information that he was

15   not entitled to access.  Instead, Plaintiff vaguely complains that Darby misused

16   unspecified information that he had been authorized to access while working at

17   Jelsoft.  The plain language of the CFAA and *Brekka* makes clear that allegations

18   of misuse of lawfully accessed information are not actionable under the CFAA as a

19   matter of law.   In other words, Plaintiff cannot allege that Darby had unrestricted

20   access and then allege that he exceeded that access by misusing the information

21   allegedly received.

22        The point is made clear by the following real world example:  a homeowner

23   hires someone to housesit and gives the house sitter unrestricted access to the

24   entire house.  After returning home, the homeowner discovers that items are

25   missing and blames the house sitter for the losses.  The homeowner may have a

26   claim against the house sitter for conversion of personal property but cannot state a

27   claim for trespass, because the house sitter was authorized by the homeowner to be

28   in the house. Similarly, the CFAA prohibits trespassing onto virtual property, *i.e.*, a

4

restricted computer network.  Here, because Darby had been given full access to Plaintiff's network, Plaintiff cannot later accuse him of trespassing.  Plaintiff's CFAA claim against Darby fails as a matter of law and must be dismissed.

> 2.   *Plaintiff's Cal. Penal Code § 502 Claim Fails As A Matter of Law.*

For similar reasons, Plaintiff's claim that Darby violated California Penal Code § 502 also fails as a matter of law.  Like the CFAA, Section 502 requires computers to be accessed "knowingly and without permission."  *See* Cal. Penal Code § 502(c)(1), (2) & (7).[2]  The threshold element of a successful claim for a violation of Section 502 is unlawful *access*, not unlawful *use*.  *Chrisman v. City of Los Angeles*, 155 Cal.App.4th, 29, 34 (2007); *see also People v. Gentry*, 234 Cal.App.3d 131, 141 n. 8 (1991) (the purpose of the Act is to "deter and punish . . . browsers and hackers -- outsiders who break into a computer system to obtain or alter the information contained there").

The *DocMagic* case cited by Plaintiff supports the dismissal of this claim. DocMagic, a provider of online loan document preparation services, sued Ellie Mae, a provider of software and services to mortgage brokers, for a variety of claims.  After Ellie Mae alleged multiple counterclaims, including a counterclaim for a violation of Section 502, both parties filed motions to dismiss.  *DocMagic, Inc. v. Ellie Mae, Inc.*, -- F.Supp.2d --, 2010 WL 3987495, *1 (N.D. Cal. Oct. 12, 2010).  The court denied DocMagic's motion to dismiss the Section 502 counterclaim, because Ellie Mae had alleged that DocMagic had unlawfully *accessed* secured networks by using access codes that Ellie Mae had given to third parties.  *Id.* at *20-21.  Ellie Mae *had not* permitted DocMagic to access its networks and did not permit others to grant DocMagic such access.  *Id.*  Ellie

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

---

[2]  The FAC does not specify which provision of Section 502(c) was allegedly violated by Defendants.  In the Opposition, Plaintiff alleges that Darby violated Section 502(c)(1), (2) & (7). (Opposition at 8:20).

REPLY RE: MOTION TO DISMISS THE SEVENTH AND EIGHTH CLAIMS OF THE FIRST AMENDED COMPLAINT

Mae's claim was well pled, because DocMagic was alleged to have *accessed* DocMagic's network without permission.

In our case, Plaintiff alleges that Darby, with Plaintiff's express permission, had unrestricted access to Plaintiff's computers in connection with his employment as lead software developer for Jelsoft. There is no allegation that Darby ever accessed Plaintiff's computers *except* in connection with his employment with Jelsoft. There is no allegation that Darby accessed any information or computers without authorization during his employment with Jelsoft. As a matter of law, the grant of unrestricted access to Darby precludes a claim for violating the Section 502 anti-hacking criminal statute.

## III.   CONCLUSION.

Plaintiff's FAC alleges misappropriation of trade secret information and infringement of copyrights. Although the allegations lack evidentiary support, they state valid claims that this Court will see reason to dismiss later in summary judgment. At this time, however, there is no allegation of unlawful *access* to Plaintiff's computer network. Plaintiff has conceded that it has failed to state a claim that XenForo violated the CFAA and California Penal Code § 502, because XenForo did not even exist at the time. Moreover, Plaintiff's own allegations establish that it authorized Darby to access Plaintiff's computer network, so that Darby could not have violated the CFAA or California Penal Code § 502. The seventh and eighth claims of the FAC must be dismissed as to both Defendants with prejudice.

Respectfully submitted,

DATED: March 21, 2011          GRACE+GRACE LLP

/s/ Pamela D. Deitchle

Pamela D. Deitchle
Attorneys for Defendants XenForo Limited
and Kier Darby

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

6