1  MICHAEL K. GRACE (SBN 126737)
   mgrace@gracelaw.com
2  PAMELA D. DEITCHLE (SBN 222649)
   pdeitchle@gracelaw.com
3
   GRACE+GRACE LLP
4  444 South Flower Street, Suite 1650
5  Los Angeles, California 90071-2955
6  Telephone: (213) 452-1220
   Facsimile:  (213) 452-1222
7

8  Attorneys for Defendants XenForo Limited
9  and Kier Darby

10

11              UNITED STATES DISTRICT COURT

12        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                  WESTERN DIVISION

14

15  vBULLETIN SOLUTIONS, INC., a      )  Case No.: CV 10-8209-R (JEMx)
    California corporation,           )
16                                    )
                                      )  **ANSWER OF XENFORO LIMITED**
17          Plaintiff,                )  **AND KIER DARBY TO THE FIRST**
18                                    )  **AMENDED COMPLAINT**
19      v.                            )
                                      )  **DEMAND FOR JURY TRIAL**
20  XENFORO LIMITED, an English       )
21  private limited company; and KIER )
    DARBY, a British citizen; and DOES 1- )
22  10, inclusive,                    )
23                                    )
24          Defendants.               )
25  _____  )

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1    Defendants XenForo Limited ("XenForo") and Kier Darby ("Darby")

2  (collectively, "Defendants") hereby respond to the First Amended Complaint as

3  follows:

**Preliminary Statement**

5    1.    Defendants admit that this is a First Amended Complaint for damages

6  and injunctive relief and that Plaintiff vBulletin Solutions, Inc. ("VBSI") has a

7  dominant market position in the field of proprietary community bulletin board

8  software.  Defendants expressly deny any act of infringement, unlawful

9  exploitation, usurpation of Plaintiff's intellectual property, theft of customers or

10  "robbing VBSI of its earned market position."  VBSI is solely responsible for the

11  loss of its market position due to its own actions.  Defendants lack sufficient

12  knowledge to admit or deny the remaining allegations of paragraph 1 of the First

13  Amended Complaint and on that basis deny the allegations therein.

14    2.    Defendants admit that Darby was a former lead product developer for

15  Jelsoft Enterprises Limited ("Jelsoft") and that XenForo offers a forum software

16  application that competes with a part of vBulletin 4.0 offered by VBSI.  Defendants

17  deny the remaining allegations of paragraph 2 of the First Amended Complaint.

18    3.    Denied.

**JURISDICTION AND VENUE**

20    4.    Denied.

21    5.    Admitted.

22    6.    Admitted.

**PARTIES**

24    7.    Defendants lack sufficient knowledge to admit or deny the allegations

25  of paragraph 7 of the First Amended Complaint and on that basis deny the

26  allegations therein.

27

28

1

ANSWER TO FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

1    8.    Defendants lack sufficient knowledge to admit or deny the allegations

2  of paragraph 8 of the First Amended Complaint and on that basis deny the

3  allegations therein.

4    9.    Defendants admit that XenForo is a private limited company

5  organized under the law of England.  Defendants admit that XenForo's business

6  was started by several people, including Kier Darby and Michael Sullivan.

7  Defendants admit that XenForo operates a website where consumers may purchase

8  licenses for XenForo's community bulletin board software.  Defendants admit that

9  XenForo uses social networks to market its software.  Defendants deny the

10  remaining allegations of paragraph 9 of the First Amended Complaint.

11    10.    Defendants admit that Darby resides in England and is a co-founder

12  of XenForo.  Defendants admit that Darby traveled to California in September

13  2008 to attend certain meetings in connection with his employment at Jelsoft.

14  Defendants deny the remaining allegations of paragraph 10 of the First Amended

15  Complaint.

16    11.    Defendants lack sufficient knowledge to admit or deny the allegations

17  of paragraph 11 of the First Amended Complaint and on that basis deny the

18  allegations therein.

19                          **FACTUAL BACKGROUND**

20              **No Agreements Exist Between VBSI and Darby**

21    12.    Defendants admit that in 2006 Jelsoft employed Darby as lead

22  developer responsible for software product direction and development strategy.

23  Defendants admit that Darby's job responsibilities included the development of

24  vBulletin 4.0 but were subject to the directions and instructions of his supervisor.

25  Defendants admit that Darby executed the Statement of Main Terms Agreement

26  ("Employment Agreement") attached as Exhibit A to the First Amended

27  Complaint.  Defendants deny the remaining allegations of paragraph 12 of the First

28  Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

1    13.    Defendants admit that Darby executed the Restrictive Covenant

2    Agreement ("Covenant Agreement") attached as Exhibit B to the First Amended

3    Complaint.  Defendants deny the remaining allegations of paragraph 13 of the First

4    Amended Complaint.

5    14.    Admitted.

6    15.    Defendants admit that Darby was involved in identifying and

7    developing new functions for vBulletin software, including vBulletin 4.0, and that

8    he attended certain meetings in California arranged by Internet Brands in

9    September 2008, when Darby's role as the primary decision maker for vBulletin

10   development was assumed by others.  Defendants deny the remaining allegations

11   of paragraph 15 of the First Amended Complaint.

12   16.    Defendants admit that Darby at one point was lead developer for

13   Jelsoft and had full access to Jelsoft's websites, namely vbulletin.com and

14   vbulletin.org, and had knowledge of the programming structure, organization, and

15   architecture of the vBulletin software.  Defendants deny that Darby had any access

16   to VBSI assets at any time and further deny that Darby entered into any agreement

17   with VBSI.  Defendants lack sufficient knowledge to admit or deny the remaining

18   allegations of paragraph 16 of the First Amended Complaint and on that basis deny

19   the allegations therein.

20   17.    Defendants lack sufficient knowledge to admit or deny the allegations

21   of paragraph 17 of the First Amended Complaint and on that basis deny the

22   allegations therein.

23   18.    Defendants lack sufficient knowledge to admit or deny the allegations

24   of paragraph 18 of the First Amended Complaint and on that basis deny the

25   allegations therein.

26   19.    Defendants lack sufficient knowledge to admit or deny the allegations

27   of paragraph 19 of the First Amended Complaint and on that basis deny the

28   allegations therein.

ANSWER TO FIRST AMENDED COMPLAINT

**Darby's Departure from Jelsoft in June 2009**

20.     Defendants admit that Darby made truthful statements about Internet Brands' poor management of vBulletin software development and vBulletin's negative reception in the marketplace. Darby was, however, extremely satisfied with his compensation at Jelsoft and denies complaining about his level of compensation.

21.     Defendants deny that Darby took any steps to increase his access to confidential information held by Jelsoft for any purpose and deny that Darby accessed VBSI confidential information at any time. Defendants admit that in September 2008, as an employee of Jelsoft, Darby traveled to California to discuss the development of vBulletin software with other Jelsoft employees and staff members of Internet Brands, because they had indicated that his degree of involvement in these meetings would be diminished were he to participate via telephone or online. Defendants admit that Darby openly took several photographs with a very large camera of several white boards with notes summarizing the discussions and that he emailed them to all attendees to facilitate communication about the content of the meeting. Defendants deny the remaining allegations of paragraph 21 of the First Amended Complaint.

22.     Denied.

23.     Defendants admit that Sullivan provided notice of his resignation from Jelsoft on April 14, 2009 and that his final day of employment at Jelsoft was May 8, 2009. Defendants admit that Darby provided notice of his resignation from Jelsoft on May 8, 2009, effective as of June 8, 2009, but that Darby stayed on for an additional two weeks -- until June 19, 2009 -- at Jelsoft's request.

24.     Denied.

25.     Denied.

26.     Denied.

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

4

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1    27.    Defendants admit that the xenforo.com domain name was registered

2  on June 4, 2010 and that the WHOIS entry for xenforo.com lists the address of a

3  domain privacy service that is not affiliated with XenForo.  Defendants deny the

4  remaining allegations of paragraph 27 of the First Amended Complaint.

5    28.    Defendants deny making any announcement regarding the formation

6  of XenForo Limited on June 20, 2010, as XenForo Limited had not been founded at

7  that time.

8    29.    Admitted.

9    30.    Defendants admit that the XenForo software was first made available

10  for licensing to the public on October 5, 2010 via the xenforo.com website and that

11  the software now may be downloaded via the Internet pursuant to a written license.

12  Defendants admit that Exhibit E of the First Amended Complaint appear to be

13  pages copied from the xenforo.com website.  Defendants deny that the WHOIS

14  entry for xenforo.com shows that the registrant is located in Westchester,

15  California.  XenForo is not located in Westchester, California and maintains no

16  location anywhere in the United States.

17    31.    Defendants deny that Darby and Sullivan were ever employed by VBSI

18  and deny using any Jelsoft or VBSI proprietary materials for planning or

19  developing XenForo software at any time.  Defendants lack sufficient knowledge to

20  admit or deny the allegations of paragraph 31 of the First Amended Complaint and

21  on that basis deny the allegations therein.

22    32.    Denied.  Defendants never contacted Scott Molinari for the purpose of

23  soliciting or encouraging Molinari to disregard or renegotiate the terms of any

24  agreement between him and VBSI and have never done business with him or with

25  his company.

26  / / /

27  / / /

28  / / /

5

ANSWER TO FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM

## Copyright Infringement

## (Against Defendants and Does 1 through 10)

33. Defendants incorporate by reference the admissions and denials asserted in the preceding paragraphs.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## SECOND CLAIM

## Declaratory Relief For Ownership of Software

## (Against Defendants and Does 1 through 10)

39. Defendants incorporate by reference the admissions and denials asserted in the preceding paragraphs.

40. Denied.

41. Denied.

42. Denied.

43. Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 43 of the First Amended Complaint and on that basis deny the allegations therein.

## THIRD CLAIM

## Misappropriation of Trade Secrets [Cal. Civ. Code Section 3426 *et seq.*]

## (Against Defendants and Does 1 through 10)

44. Defendants incorporate by reference the admissions and denials asserted in the preceding paragraphs.

6

45.     Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 45 of the First Amended Complaint and on that basis deny the allegations therein.

46.     Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 46 of the First Amended Complaint and on that basis deny the allegations therein.

47.     Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 47 of the First Amended Complaint and on that basis deny the allegations therein.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## FOURTH CLAIM

### Intentional Interference with Prospective Economic Advantage

### (Against Defendants and Does 1 through 10)

52.     Defendants incorporate by reference the admissions and denials asserted in the preceding paragraphs.

53.     Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 53 of the First Amended Complaint and on that basis deny the allegations therein.

54.     Defendants lack sufficient knowledge to admit or deny the remaining allegations of paragraph 54 of the First Amended Complaint and on that basis deny the allegations therein.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

ANSWER TO FIRST AMENDED COMPLAINT

1    59.    Denied.

## FIFTH CLAIM

### Breach of Contract

### (Against Defendant Darby)

60.    Defendants incorporate by reference the admissions and denials asserted in the preceding paragraphs.

61.    Denied.

62.    Denied.

63.    Denied.

## SIXTH CLAIM

### Breach of Duty of Loyalty

### (Against Defendant Darby)

64.    Defendants incorporate by reference the admissions and denials asserted in the preceding paragraphs.

65.    Denied.

66.    Denied.

67.    Denied.

## SEVENTH AND EIGHTH CLAIMS

### Violations of 18 U.S.C. § 1030 & Cal. Penal Code § 503

### (Against Defendants and Does 1 through 10)

68-79.    Defendants do not respond to these allegations, which the Court previously dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

80.    The Court lacks personal jurisdiction over Defendants.

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

ANSWER TO FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

81.    Plaintiff lacks standing to assert any alleged right of Jelsoft under the Employment Agreement or Restrictive Covenant Agreement.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel & Laches)

82.    Plaintiff's claims, and each of them, are barred by the doctrine of waiver.

83.    Plaintiff's claims, and each of them, are barred by the doctrine of estoppel.

84.    Plaintiff's claims, and each of them, are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

85.    Defendants have not infringed any of the alleged copyrights in the First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

86.    Defendants' conduct was undertaken in good faith and with no intent to injure Plaintiff, and was lawful, proper and justified. By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action in the First Amended Complaint

## SIXTH AFFIRMATIVE DEFENSE

### (Mootness)

87.    Plaintiff's claims for misappropriation of trade secrets are mooted by Plaintiff's public disclosure of its alleged trade secrets long before the release of XenForo software.

ANSWER TO FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

88.  The Restrictive Covenant Agreement is unenforceable for lack of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

89.  Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

90.  Plaintiff's claims are barred by the doctrine of copyright misuse.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

91.  Plaintiff is not entitled to recover from Defendants to the extent that the alleged wrongful conduct is not the proximate cause of any of Plaintiff's alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Copyright Invalidity)

92.  One or more of Plaintiff's copyright registrations is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bad Faith Assertion of Misappropriation of Trade Secret Cause of Action)

93.  Plaintiff's alleged cause of action for trade secret misappropriation was brought in bad faith. By reason thereof, pursuant to California Civil Code Section 3426.4, Defendants are entitled to an award of their reasonable attorneys' fees incurred in this action.

ANSWER TO FIRST AMENDED COMPLAINT

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1                    **THIRTEENTH AFFIRMATIVE DEFENSE**

2     **(Cal. Bus. &Prof. Code § 16600 and Public Policy Restrictions Against Post-**

3                  **Termination Restraints of Trade)**

4          94.      The post-termination restraints against employment cited by Plaintiff

5 are contrary to California Business & Professions Code § 16600 and the public

6 policy of the State of California and are not enforceable.

7                  **FOURTEENTH AFFIRMATIVE DEFENSE**

8                      **(Failure to State a Claim)**

9          95.      The First Amended Complaint fails to state a claim upon which relief

10 may be granted.

11                **ADDITIONAL AFFIRMATIVE DEFENSES**

12          96.      Defendants reserve the right to plead additional affirmative defenses

13 as they become known.

14                        **PRAYER FOR RELIEF**

15      WHEREFORE, Defendants XenForo Limited and Kier Darby pray for

16 judgment as follows:

17          1.      That Plaintiff takes nothing by its First Amended Complaint;

18          2.      That Plaintiff's claims, and each of them, be dismissed with prejudice;

19          3.      That Defendants be awarded their reasonable attorneys' fees pursuant

20 to California Civil Code § 3426.4 and 17 U.S.C. § 505;

21          4.      That Defendants be awarded their costs of suit herein; and

22          5.      That the Court award such other and further relief as it may deem just

23 and proper.

24                                 Respectfully submitted,

25 DATED: April 21, 2011         GRACE+GRACE LLP

26                                 /s/ Pamela D. Deitchle

27                                 Pamela D. Deitchle
                                  Attorneys for Defendants XenForo Limited

28                                   and Kier Darby

ANSWER TO FIRST AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

DATED: April 21, 2011      GRACE+GRACE LLP

/s/ Pamela D. Deitchle
Pamela D. Deitchle
Attorneys for Defendants XenForo Limited and Kier Darby

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

12

ANSWER TO FIRST AMENDED COMPLAINT