Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1

2  MICHAEL K. GRACE (SBN 126737)

3

4

5

6  mgrace@gracelaw.com

7

8

9  PAMELA D. DEITCHLE (SBN 222649)

10

11

12  pdeitchle@gracelaw.com

13

14

15

16  GRACE+GRACE LLP

17

18

19  444 South Flower Street, Suite 1650

20

21

22

23  Los Angeles, California 90071

24

25

26  Telephone: (213) 452-1220

27

28

**STIPULATED PROTECTIVE ORDER**

Facsimile: (213) 452-1222

Attorneys for Defendants XenForo Limited

and Kier Darby

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

vBULLETIN SOLUTIONS, INC., a ) Case No.: CV 10-8209-R (JEMx)

California corporation, )

**STIPULATED PROTECTIVE ORDER**

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1

2                             )  **STIPULATED PROTECTIVE ORDER**

3

4

5

6               Plaintiff,            )

7

8

9                             )

10

11

12     v.                      )

13

14

15

16                             )

17

18

19  XENFORO LIMITED, an English    )

20

21

22

23  private limited company; and KIER   )

24

25

26  DARBY, a British citizen; and DOES 1- )

27

28

**STIPULATED PROTECTIVE ORDER**

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1

2  10, inclusive,                                    )

3

4

5
                                                     )
6

7

8

9              Defendants.                           )

10

11

12
                                                     )
13

14  _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1    Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff vBulletin
2 Solutions, Inc. and defendants XenForo Limited and Kier Darby (collectively,
3 the "parties"), through the parties' respective counsel of record, hereby
4 stipulate and agree that discovery in this action (and any further actions
5 among these parties) may involve requests for the production of information
6 and documents that the responding parties consider to be confidential,
7 proprietary or competitively sensitive.  The parties believe that a protective
8 order restricting the use and dissemination of confidential, proprietary, and
9 competitively sensitive information and documents is necessary and
10 appropriate to facilitate discovery and litigation in this action.  The parties
11 also believe that such an order is necessary and appropriate to enable the
12 parties to conduct relevant discovery of non-parties that may have similar
13 concerns regarding their confidential, proprietary or competitively sensitive
14 information and documents.
15    GOOD CAUSE EXISTS FOR THE ISSUANCE OF THIS ORDER:  The parties
16 have propounded discovery and it appears that many of the documents
17 subject to disclosure contain confidential, proprietary or competitively
18 sensitive information such that good cause exists to protect the disclosure of
19 such documents.  These voluminous documents include, but are not limited
20 to, confidential commercial information, financial information, employee
21 information, customer information, contractor and vendor information,
22 marketing plans, business plans, license agreements, distribution
23 agreements, development information, budgets, profit and loss information,
24 and corporate asset information the disclosure of which could cause
25 competitive harm to the producing party.
26    In determining the scope of information which a party may designate
27 as its confidential information, each party acknowledges the importance of
28 client access to all information material to client decision making in the

1

STIPULATED PROTECTIVE ORDER

1  prosecution or defense of litigation, and therefore agrees that designations of

2  information as confidential information and responses to requests to permit

3  further disclosure of confidential information shall be made in good faith and

4  (1) not to impose a burden or delay on an opposing party, or (2) not for

5  tactical or other advantage in litigation.  Further, each party shall avoid as

6  much as the possible inclusion of confidential information in briefs and other

7  captioned documents filed in court, in order to minimize sealing and

8  designating documents as such.

9       Accordingly, it is hereby stipulated and agreed by and among the

10  parties in the above-entitled action, through the parties' respective counsel,

11  as follows:

12       1.    Any confidential information or documents produced by or on

13  behalf of any party or non-party as part of discovery in this action may be

14  designated by the producing party(ies) as "CONFIDENTIAL" or

15  "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  Any information that is

16  publicly available should not be designated as "CONFIDENTIAL" or

17  "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  A document should be

18  designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES

19  ONLY" when it contains or reflects confidential business information,

20  including but not limited to information which the disclosing party or non-

21  party believes in good faith contains, constitutes or reveals confidential

22  design, engineering or development information, confidential commercial

23  information, non-public financial information, confidential or private

24  information about current or former employees, contractor or vendors

25  (including employee, contractor and vendor personnel records), or other

26  information of a confidential, proprietary, private or personal nature.

27       2.    Information or documents designated "CONFIDENTIAL –

28  ATTORNEY'S EYES ONLY" shall be limited to trade secrets (as defined in

STIPULATED PROTECTIVE ORDER

California Civil Code § 3426.1) or other confidential commercial information, including information that the disclosing party or non-party believes in good faith will result in competitive disadvantage or harm if disclosed to another party or third party to this action and shall include marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, engineering and manufacturing drawings, employee files, customers' identities and personal information, merchandising, research and development of products not yet released or sold, correspondence and agreements with actual or prospective customers or vendors, financial information or projections, including, without limitation, budgets, revenue, profits, costs, liabilities, or other documents relating to revenue earned and asset information that is not public knowledge, and actual or prospective customer lists.

3.      Information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be used only in connection with this proceeding and not for any other purpose.  Such information may not be disclosed to anyone except as provided in this Protective Order.

4.      Any party or non-party wishing to come within the provisions of this Protective Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the time the documents are produced.  Each page of the document must be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the producing party, and any confidential documents exchanged prior to this Protective Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each such page, if such markings do not include every such page.  It is the intent of the parties that each document previously designated as "CONFIDENTIAL" or

STIPULATED PROTECTIVE ORDER

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA  90071

"CONFIDENTIAL – ATTORNEY'S EYES ONLY" and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Protective Order. "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or things that cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

5.     In the instance of deposition testimony, the witness under deposition or his counsel shall invoke the provisions of this Protective Order in a timely manner and designate the level of restriction. During the deposition, parties shall be excluded from testimony designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY."  The witness under deposition or his counsel shall have the right, within thirty days of receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof.  For depositions with some confidential and some non-confidential documents or testimony, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter and counsel for the party asserting that certain documents or testimony is confidential.

6.     Any documents, discovery responses or deposition transcripts stamped "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be made available only to:

a.     Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

b.     Judges, law clerks and other personnel of the Court before which this proceeding is pending;

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1           c.      Independent experts and consultants retained by the

2 attorneys for purposes of the litigation that are not directly associated with a

3 party

4           d.      Court reporters and their staff that are required to

5 transcribe testimony; and

6           e.      Outside litigation support vendors, including commercial

7 photocopying vendors, scanning services vendors, coders and keyboard

8 operators.

9      7.     Any documents, discovery responses or deposition transcripts

10 stamped "CONFIDENTIAL," as well as any copies or excerpts thereof, or

11 analyses or reports that pertain thereto, and any deposition testimony or

12 portion thereof marked as "CONFIDENTIAL," may be made available only to:

13           a.      A party, or any officer, director, or employee of a party

14 deemed necessary by counsel to aid in the prosecution, defense, or

15 settlement of this action;

16           b.      Attorneys of record for the receiving party and employees

17 of such attorneys on a need to know basis;

18           c.      Judges, law clerks and other personnel of the Court before

19 which this proceeding is pending;

20           d.      Independent experts and consultants retained by the

21 attorneys for purposes of the litigation that are not directly associated with a

22 party;

23           e.      Court reporters and their staff that are required to

24 transcribe testimony; and

25           f.      Outside litigation support vendors, including commercial

26 photocopying vendors, scanning services vendors, coders and keyboard

27 operators.

28

**STIPULATED PROTECTIVE ORDER**

8.     For purposes of this Protective Order, an expert witness shall not be deemed to be "independent" if he or she is (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, agent distributor, seller, representative, advertiser, promoter, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; (b) an officer, shareholder, owner, manager, partner, agent distributor, seller, representative, advertiser, promoter, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate.

9.     Each person permitted by the parties or their counsel to have access to designated information or documents under the terms of this Protective Order (other than the persons identified in Paragraphs 6(a), 6(b), and 6(d) and 7(b), 7(c), and 7(e)) shall, prior to being given such access, be provided with a copy of this Protective Order for review.  Upon receiving this Protective Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he or she has read the Protective Order and agrees to comply with its terms.

10.     The restrictions set forth in this Protective Order shall not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or its agents that would be in violation of this Protective Order.

1    11.    Any document or evidence that is designated as containing

2  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

3  information and that a party wishes to file with the Court shall be presented

4  to the Court along with a written application and proposed order for filing

5  under seal according to the procedures set forth in Local Civil Rule 79-5.

6  Furthermore, any such document or evidence so presented to the Court shall

7  be placed in a sealed envelope or other appropriate sealed container marked

8  on the outside with the title of the instant action, and a statement

9  substantially in following form:

10

11                                CONFIDENTIAL

12

13         This document is subject to a Protective Order issued

14

15

16

17         by the Court and may not be examined or copied

18

19

20         except in compliance with that Order.

21

22

23    12.    If, at any time during the preparation for trial, any party believes

24  that any other party or non-party has improperly designated certain

25  information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES

26  ONLY" or believes that it is necessary to disclose designated information to

27  persons other than those permitted by this Protective Order, and the

28  producing party does not agree to change the designation or to the further

**STIPULATED PROTECTIVE ORDER**

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1   disclosure, the objecting party may make an appropriate motion to the Court

2   requesting that the specifically identified documents, information and/or

3   deposition testimony be excluded from the provisions of this Protective

4   Order or be available to specified other persons.  It shall be the burden of the

5   party that makes the designation to demonstrate that the material or

6   information at issue was properly designated.  It shall be the burden of the

7   party seeking the disclosure to persons other than those designated in this

8   Protective Order to show that such disclosure is necessary.

9         13.    In the event that a party is served with a subpoena by any

10   person, firm, corporation, or other entity that is not a party to this action, is

11   not a signatory to this Protective Order or otherwise is not bound by this

12   Protective Order, that seeks to compel production of "CONFIDENTIAL" or

13   "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or documents, the

14   party upon whom the subpoena is served shall give written notice of the

15   subpoena to the party that has asserted that the information or documents

16   subject to the subpoena are "CONFIDENTIAL" or "CONFIDENTIAL –

17   ATTORNEY'S EYES ONLY."  The written notice required by this paragraph

18   shall be given no later than seven days after receipt of the subpoena, or

19   before the production date set forth in the subpoena, whichever is earlier.

20   The party who designated the subject information or documents as

21   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall have

22   the responsibility to obtain an order from the Court quashing the subpoena,

23   a protective order, and/or such other relief as will protect the confidential

24   nature of the subject information or documents.  If such a motion is filed

25   before the requested production date, the party upon whom the subpoena,

26   discovery request, or order is served shall not produce the subject

27   information or documents requested in the subpoena, discovery request, or

28   order until after such time as the Court rules on the motion to quash the

**STIPULATED PROTECTIVE ORDER**

subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Protective Order.

14. The Protective Order may be modified only in writing by the parties and approved by an order of the Court.

15. Upon termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall (a) assemble and return all designated materials, including copies to the person(s) and entity(ies) from whom the material was obtained, or (b) destroy all designated materials and provide the other party with written certification that such destruction was made. The attorney of record may retain one copy of any designated materials, to be kept confidentially, and retain all copies of designated materials containing attorney work product information.

///

///

16. This Protective Order shall not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

Respectfully submitted,

STIPULATED PROTECTIVE ORDER

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1

2   DATED:  April ___, 2011                    GRACE+GRACE LLP

3

4

5

6

7

8

9

10

11

12
                                              _____
13

14

15

16                                            Pamela D. Deitchle

17

18

19                                            Attorneys for Defendants

20

21

22

23                                            XenForo Limited and Kier Darby

24

25

26                                                   10

27

28

**STIPULATED PROTECTIVE ORDER**

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  April __, 2011          ERVIN COHEN & JESSUP LLP

_____

Patrick A. Fraioli

David N. Tarlow

Attorneys for Plaintiff
11

**STIPULATED PROTECTIVE ORDER**

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

1
2 <u>ORDER</u>
3
4
5
6
7
8
9 **IT IS SO ORDERED.**
10
11
12
13
14
15
16 DATED:  June 1, 2011
17
18
19 _____
20
21
22
23 MANUEL L. REAL
24
25
26 UNITED STATES DISTRICT JUDGE
27
28

---

STIPULATED PROTECTIVE ORDER

EXHIBIT A

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER AND AGREEMENT**

**TO BE BOUND**

I, _____, state that:

I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" within the terms of the Protective Order entered in the U.S. District Court, Central District of California case entitled *vBulletin Solutions, Inc. v. XenForo Limited, et al.*, CV 10-8209 R (JEMx).

I have received a copy of the Protective Order in this action, a copy of which is attached hereto. I have carefully read and understand the provisions of the Protective Order.

I hereby agree to be bound by and will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any information subject to the Protective Order that is disclosed to me. Upon termination of this action, I will return all confidential information which came into my possession, and all documents

14

**STIPULATED PROTECTIVE ORDER**

Grace+Grace LLP
Intellectual Property
444 South Flower Street, Suite 1650
Los Angeles, CA 90071

or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Protective Order.

I declare the foregoing is true under penalty of perjury under the laws of the State of California and the United States of America.


DATED:_____       _____




Signature








                                                _____






15

STIPULATED PROTECTIVE ORDER